UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |
|---|---|
| JASON RODRIGUEZ,<br>    Petitioner,<br><br>V.<br><br>WARDEN BARNHART,<br>    Respondent. | No. 6:19-CV-146-REW<br><br><br><br>OPINION & ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* habeas Petitioner Jason Rodriguez alleges that the Bureau of Prisons ("BOP") imposed disciplinary sanctions, based on Rodriguez's cell phone possession, without affording him procedural due process. DE 1. The warden filed a response. DE 9. Rodriguez has not filed a reply, and the deadline to do so has passed. *See* DE 4 at 2. This matter is ripe for review. For the following reasons, the Court **DENIES** the petition.

On the evening of February 12, 2018, an officer at the federal prison in Yazoo City, Mississippi, saw inmate Rodriguez talking on a cell phone. DE 9-1 at 27. Rodriguez surrendered the phone to the officer "without any incident." *Id.* Rodriguez was subsequently charged with Possession of a Hazardous Tool (cell phone), a Code 108 disciplinary offense. *Id.* at 29.

The Incident Report charging Petitioner with the disciplinary offense indicates that Rodriguez received the report in the early morning of February 13. *Id.* at 29. Rodriguez disputes the delivery and claims that he did not receive a copy until February 15. DE 1-1 at 1, 3. He also contends that he did not receive the "Inmate Rights at Discipline Hearing" and "Notice of Disciplinary Hearing" forms prior to the hearing. *Id.* Rodriguez provides completed copies of both forms showing blank signature blocks. DE 1-2 at 3, 4. The warden has provided copies of same,

1

but with Petitioner's signature. DE 9-1 at 33, 34. Rodriguez did not verify (or even sign) his § 2241 form or memorandum in support. DE 1 at 8 (§ 2241 Form); DE 1-1 at 4 (Memorandum) The Warden includes an affidavit supporting his version and the documents tendered. *See* DE 91 at 1–7.

A disciplinary hearing officer ("DHO") held a hearing on February 20, 2018. *See* DE 9-1 at 26. In his report, the DHO noted that:

> The inmate stated he received his copy of the Incident Report and he understood it. He stated he understood his rights before the DHO, requested no staff representative and requested no witness. The inmate stated he was ready to proceed.

*Id.* Rodriguez claims that he told the DHO that he was not advised of his right to present evidence before the hearing. DE 1-1 at 1-2. Even so, Rodriguez admits that he had the cell phone and he does not challenge his in-hearing admission. *See* DE 1; DE 1-2 at 5. It seems he made a like concession before the Unit Disciplinary Committee, which referred the incident to DHO. *See* DE 9-1 at 3, 29. Based upon Rodriguez's admission of guilt and the evidence provided by the reporting officer, the DHO found Rodriguez guilty of the disciplinary offense and imposed various sanctions, including the loss of good conduct time. DE 1-2 at 6–7. The DHO's report was delivered to Rodriguez on February 27, 2018. DE 1-2 at 7. Both parties agree that Rodriguez has exhausted his administrative remedies before filing the current petition. *See* DE 1 at 7; DE 1-1 at 2; DE 9 at 3; DE 9-1 at 5-7.

The Court has thoroughly reviewed the record and concludes that Rodriguez received due process during the disciplinary proceedings. The Court's review of prison disciplinary proceedings is limited to assessing process; it may not second-guess the disciplinary board's decision. *See Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 105 S. Ct. 2768, 2774 (1985) ("[R]ecognizing that due process requires some evidentiary basis for a decision to revoke good

time credits will not impose significant new burdens on proceedings within the prison. Nor does it imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review."). Before prison officials impose certain sanctions, e.g., forfeiture of an inmate's good time credits, procedural due process requires that the institution provide: "1) written notice of the charges at least twenty-four hours in advance of the hearing; 2) a written decision explaining the evidence relied upon and the reasons for the disciplinary action; 3) an opportunity to call witnesses and present documentary evidence; and 4) the assistance of staff or a competent inmate when necessary." *Julick v. Snyder-Norris*, No. 16-6652, 2017 WL 5485453, at *1 (6th Cir. Mar. 1, 2017) (citing *Wolff v. McDonnell*, 94 S. Ct. 2963, 2978–80 (1972)). Finally, and to avoid "arbitrary deprivations" of good time, "some evidence in the record" must "support the [BOP's] conclusion." *Hill*, 105 S. Ct. at 2774 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.")

First, Rodriguez claims that he did not receive a copy of the Incident Report until February 15. DE 1-1 at 1, 3. Relatedly, Rodriguez claims that he was not advised in advance of the hearing of his right to present evidence. DE 1-1 at 1. The warden, however, provided evidence showing that the "Inmate Rights at Discipline Hearing" and "Notice of Disciplinary Hearing" forms were signed by Petitioner. DE 9-1 at 33, 34. Thus, the record reflects that he was advised in advance of both the upcoming hearing and his right to present evidence at the hearing. Further, even if the BOP did not serve the report on February 13, Rodriguez received the Report five days before the disciplinary hearing, earlier than the twenty-four hours required by the Due Process Clause. *See Wolff*, 94 S. Ct. at 2979.

Rodriguez concedes he got the report by February 15. DE 1-1 at 1. Thus, his Report notice claim fails, and the signed documents (and hearing report) confirm notice of procedural rights. The Court invited Rodriguez to file a reply to the warden's response. *See* DE 4 at 2. Having declined the invitation, the Court may reasonably infer that Rodriguez does not contest the authenticity of the signed notice forms. *Accord Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992) (noting that when a non-moving party fails to respond to a motion for summary judgment, the Court may "rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted'"). Again, the BOP provides verification while Rodriguez does not.[1]

Regardless, Rodriguez's claims erroneously conflate BOP policy with the law. The Due Process Clause requires that prisoners be afforded the opportunity to present testimonial or documentary evidence in their defense. *Wolff*, 94 S. Ct. at 2979. The Supreme Court has never held, as Rodriguez claims, that prisoners must be advised of that right cognate with *Miranda v. Arizona*, 86 S. Ct. 1602 (1966). Only the BOP's internal policy documents indicate that the forms at issue should be given to the prisoner. *See* BOP Program Statement 5270.09, pg. 25 (July 2011) ("If an inmate waives the right to appear at the UDC review, the UDC ensures the inmate is advised of the rights afforded at a hearing before the DHO (see forms for Inmate Rights at Discipline Hearing and Notice of Discipline Hearing Before the Discipline Hearing Officer (DHO))."). The

---

[1] Noticeably, Rodriguez did not include, in his internal appeals, the claim that he did not know or get notice that he could present evidence or witnesses at the hearing. This strongly counters the unsupported allegation before the Court. Rather, Rodriguez focused closely on whether he got the incident report within 24 hours of the incident (not a due process concern) and whether the BOP served him precisely on February 13 (not a due process concern).

4

requirements of procedural due process are defined by the Constitution, not by an agency's internal regulations or guidelines. *Sandin v. Conner*, 115 S. Ct. 2293, 2300–01 (1995).

Finally, Rodriguez claims the DHO was biased because he held the disciplinary hearing despite the alleged procedural defects. DE 1-1 at 4. A prisoner has the right to have the disciplinary hearing conducted by an impartial decision maker. *Woodson v. Lack*, 865 F.2d 107, 109 (6th Cir. 1989) (*citing Wolff*, 94 S. Ct. at 2978–80); *see also Withrow v. Larkin*, 95 S. Ct. 1456, 1464 (1975) (discussing the due process requirement of a "fair trial in a fair tribunal" (quoting *In re Murchison*, 75 S. Ct. 623, 625 (1955)) (quotation marks omitted)). Rodriguez points to no record proof to support his assertion of bias. Contrarily, record evidence indicates that Rodriguez in fact received the "Inmate Rights at Discipline Hearing" and "Notice of Disciplinary Hearing" forms before the hearing. DE 9-1 at 33, 34. Moreover, Rodriguez acknowledged at the hearing (per the written record) that he had received these forms, that he understood his rights, and that he was ready to proceed. DE 9-1 at 26. Moreover, "[b]ecause honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decision maker is actually biased with respect to factual issues being adjudicated." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 518 (10th Cir. 1998) (*quoting Mangels v. Pena*, 789 F.2d 836, 838 (10th Cir. 1986)) (quotation marks omitted). Rodriguez's rickety factual scaffold provides no support for his claim of bias. *Cf. Lasko v. Holt*, 334 F. App'x 474, 476 (3d Cir. 2009) (affirming a district court's denial of a bias claim because "[Petitioner] had failed to demonstrate partiality under [relevant law], or non-conformity with the relevant BOP regulations"). The officer's decision to proceed despite any cosmetic faults in the papers raises no question as to his impartiality.

Accordingly, the Court **ORDERS** as follows:

1.  The Court **DENIES** Jason Rodriguez's petition for a writ of habeas corpus (DE 1);

5

2. The Court will enter a corresponding judgment this date; and

3. The Court **STRIKES** this matter from its active docket.

This 17th day of September, 2020.

Signed By:
Robert E. Wier REW
United States District Judge